# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDICE LYNN CORDILEONE, <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. CV 18-06388-JEM <br><br> MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On July 24, 2018, Candice Lynn Cordileone ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. (Dkt. 1.) The Commissioner filed an Answer on December 12, 2018. (Dkt. 14.) On April 8, 2019, the parties filed a Joint Stipulation ("JS"). (Dkt. 19.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 55 year-old female who applied for Social Security Disability Insurance benefits on January 6, 2015, alleging disability beginning April 21, 2013. (AR 22.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since April 21, 2013, the alleged onset date. (AR 24.)

Plaintiff's claim was denied initially on April 16, 2015. (AR 22.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Susan Hoffman on February 9, 2017, in West Los Angeles, California. (AR 22.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 22.) Vocational expert ("VE") Aida Y. Worthington also appeared and testified at the hearing. (AR 22, 78-96.)

The ALJ issued an unfavorable decision on June 6, 2017. (AR 22-32.) The Appeals Council denied review on June 15, 2018. (AR 1-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ's residual functional capacity assessment is supported by substantial evidence.
2. Whether the ALJ properly evaluated Candice Cordileone's subjective complaints.
3. Whether the ALJ satisfied the Commissioner's burden at step five of the sequential evaluation.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the

claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since April 21, 2013, the alleged onset date. (AR 24.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: cervical degenerative disc disease; joint dysfunction right shoulder; right carpal tunnel syndrome; osteoarthritis bilateral knees; and morbid obesity. (AR 24-26.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 26.)

The ALJ then found that Plaintiff had the RFC to perform sedentary work as defined in 20 CFR § 404.1567(a), with the following limitations:

> Claimant needs to change position or stretch every 30 minutes (without leaving the workstation) and has the following additional (non-exertional) limitations: no climbing ladders, ropes or scaffolds; only occasional climbing ramps/stairs, stooping, kneeling, crouching, or crawling; frequent balancing; only occasional handling or fingering with the right hand; and no concentrated exposure to extreme heat or hazards.

(AR 26-30.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence in the record. (AR 27.)

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work as a department manager, dog groomer, waitress and customer service clerk. (AR 30-31.) The ALJ, however, also found at step five that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of information clerk and customer complaint clerk. (AR 31-32.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 32.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ's RFC is supported by substantial evidence. So is the ALJ's step five determination that there are jobs in the national economy that Plaintiff can perform.

## I. THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff contends that the ALJ's RFC is incomplete and lacks substantial evidence. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating

physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

### B. The ALJ's RFC Is Not Incomplete

Plaintiff alleges disability due to an injury to the right upper extremity while working as a dog groomer. (AR 24.) She also alleges degenerative disc disease, carpal tunnel syndrome, and significant bilateral knee osteoarthritis. (AR 24, 25.) The ALJ did find that Plaintiff had the medically determinable severe impairments of cervical degenerative disc disease, joint dysfunction right shoulder, osteoarthritis bilateral knees, and morbid obesity. (AR 24.) Nonetheless, the ALJ concluded that Plaintiff could perform a reduced range of sedentary work and, therefore, was not disabled. (AR 26, 32.)

#### 1. Head And Neck Limitations

The ALJ determined that Plaintiff could perform a reduced range of sedentary work with only occasional fingering and handling with the right hand and did not require any additional head or neck limitations. Plaintiff contends that the omission of head and neck limitations was error rendering the ALJ's RFC incomplete. The Court disagrees.

First, in regard to Plaintiff's cervical degenerative disc disease, Dr. Mark Greenspan, an orthopedist and the Agreed Medical Examiner in Plaintiff's workers' compensation case, opined that Plaintiff was precluded from repetitive flexion, extension, and rotary motions of the head

and neck. (AR 1345.) The ALJ did not adopt these limitations or include them in the RFC. The ALJ noted that Dr. Greenspan found that Plaintiff had moderate degenerative changes of the cervical spine. (AR 28.) He reported Plaintiff was not wearing a neck brace and had a normal neck position on examination in August 2015. (AR 28.) Dr. Greenspan found only mildly limited neck range of motion in all directions. (AR 28.) He found Plaintiff was capable of returning to light work and opined she should be precluded from lifting 25 pounds and from repetititve flexion, extension, and rotary motions of the head and neck. (AR 28, 30.)

  The ALJ gave greater weight to the opinion of State Agency reviewing physician Dr. M. Gleason who did not find that any head or neck limitations were necessary. (AR 30.) The ALJ found that Dr. Gleason's opinion was more consistent with the medical evidence and other evidence of record. (AR 30.) For example, in July 2013 orthopedic surgeon Dr. Robert Reisch suggested possible "symptom magnification" and specifically noted that MRI's of Claimant's neck showed only mild abnormalities. (AR 27-28.) Claimant exhibited pain free range of motion of the cervical spine, intact sensation, and full motor strength. (AR 28.) More recent records from treating physician Michael Schiffman characterize Plaintiff's pain as slight to moderate, increasing to severe only occasionally. (AR 29.) The ALJ also relied on other evidence of record such as Plaintiff's daily activities such as walking for exercise, driving, going to the grocery store, doing household chores, seeking to become a veterinarian assistant, working at a computer, and using a mouse and keyboard and her admission that she believes she is capable of doing "office things." (AR 29.) An ALJ may reject a physician's opinion that is contradicted by a claimant's own admitted or observed abilities. Bayliss, 427 F.3d at 1216. The Court also notes that the ALJ discounted Plaintiff's subjective symptom allegations discussed below. Thus, the ALJ's exclusion of any head and neck limitations from the RFC is supported by substantial evidence.

  Plaintiff disagrees with the ALJ's assessment of the evidence, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record of the record is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d at

853, 857 (9th Cir. 2001); Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld").

The ALJ rejected Dr. Greenspan's head and neck limitations for specific, legitimate reasons supported by substantial evidence.

### 2. Right Shoulder Limitations

Dr. Greenspan found that Plaintiff had a chronic right shoulder impairment but no atrophy of the right upper extremity. (AR 28.) He found Plaintiff had pain with external rotation of the right shoulder, but both shoulders were normal to palpation and tests for impingement and/or rotator cuff tear were negative. (AR 28.) Dr. Greenspan opined that Plaintiff should be precluded from lifting over 10 pounds and repetitive pushing and pulling at/or above shoulder level. (AR 28.) Dr. Gleason also opined that Claimant could perform light work with occasional pushing and pulling with the right upper extremity. (AR 30.)

The ALJ, however, did not include any pushing or pulling limitation in the RFC, based on the medical evidence of record. A right shoulder MRI in May 2013 showed no evidence of rotator cuff tear or significant AC joint arthritis. (AR 24-25.) Dr. Reisch noted an MRI of the shoulder that showed only mild abnormalities. (AR 27-28.) Following successful carpal tunnel and thoracic syndrome surgery, Plaintiff demonstrated "substantial clinical improvement," including impressive movement in right shoulder range of motion. (AR 28.) Recent records of pain management physician Dr. Nick Fuller indicate Plaintiff had full range of motion of the right shoulder and that placing the Claimant's hand over her shoulder does not aggravate her pain. (AR 29.) The ALJ rejected the pushing and pulling limitations of Dr. Greenspan and Dr. Gleason for specific, legitimate reasons supported by substantial evidence, contradicting physician opinions, inconsistent daily activities and unsubstantiated subjective symptom allegations discussed below.

### 3. Harmless Error

Based on VE testimony, the ALJ determined at step five of the sequential process that Plaintiff could perform alternative jobs in the national economy, including information clerk

(DOT 237.367-022) and customer complaint clerk (DOT 241.367-014). (AR 32.) The Dictionary of Occupational Titles ("DOT") duty descriptions for both of these sedentary office-type occupations do not require repetitive head and neck motions or any pushing or pulling more than occasionally as Dr. Greenspan proposed. Thus, adding the limitations omitted from the RFC would not change the outcome of the case. Any error would be harmless. See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (error is harmless when it is "inconsequential to the ultimate nondisability determination"), quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006); Carmichael v. Comm'r Soc. Sec. Adm., 533 F.3d 1155, 1162 (9th Cir. 2008) (error is harmless where it would not change the outcome of the disability determination). Plaintiff never addressed this dispositive argument.

**C.     The ALJ Properly Discounted Plaintiff's Subjective Symptom Allegations**

Plaintiff contends that the ALJ erred in discounting Plaintiff's subjective symptom allegations. The Court disagrees.

1. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 857; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what

testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

2. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (AR 27.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms are "not entirely consistent with the medical evidence and other evidence in the record." (AR 27.) Because the ALJ did not make any finding of malingering, she was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom allegations. Smolen, 80 F.3d at 1283-84; Tommasetti, 533 F.3d at 1039-40. The ALJ did so.

First, the ALJ found that Plaintiff's subjective symptom allegations were inconsistent with the credited medical evidence. (AR 30.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's subjective symptoms. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, as already noted, in July 2013 Dr. Reisch suggested "symptom magnification," noting that MRI's of the neck and shoulder showed only mild abnormalities with pain free motion of the spine. (AR 27-28.) Plaintiff did not exhibit any serious clinical deficits in a comprehensive orthopedic examination conducted by Dr. Greenspan in August 2015. He found moderate degenerative changes of the cervical spine. (AR 28.) He observed Plaintiff was not wearing a neck brace and had normal neck position. (AR 28.) She only had mildly limited neck range of motion. (AR 28.) Dr. Greenspan gave her a light work RFC, indicating she could return to work. (AR 28.) Dr. Gleason also gave Plaintiff a light work RFC. (AR 30.) The ALJ limited Plaintiff to sedentary work because of her knee conditions, as sedentary work involves relatively little standing or walking. (AR 29, 30.) The ALJ also added a limitation that Plaintiff would need to change position every 30 minutes to accommodate her knee impairment. (AR 30.) The ALJ noted Plaintiff did not use a cane or ambulatory assistive device for walking and has not received treatment for her knee conditions.

(AR 29.) As already noted, moreover, the ALJ rejected certain limitations proposed by Dr. Greenspan and Dr. Gleason but even if they were added to the RFC the jobs selected by the VE would not be precluded.

Second, Plaintiff underwent a successful surgery for carpal tunnel syndrome and thoracic syndrome. (AR 28.) She demonstrated "substantial clinical improvement," including impressive right improvement in right shoulder range of motion. (AR 28.) Improvement from treatment supports an adverse inference as to a claim of ongoing disability. Morgan, 169 F.3d at 599.

Third, the ALJ found that Plaintiff's admitted daily activities are inconsistent with disabling limitations (AR 29), which is a legitimate consideration in evaluating a claimant's subjective symptom allegations. Bunnell, 947 F.2d at 345-346. Here, the ALJ recounted how Plaintiff walks for exercise, remains capable of driving, goes to the grocery store, and does household chores such as cleaning, vacuuming, and mopping. (AR 29.) She admitted she believes herself capable of doing "office things." (AR 29.) She can use a keyboard and a mouse. (AR 29.) She has completed half her schooling to become a veterinary assistant. (AR 29.) She does not need a cane or an ambulatory assistance device for walking. (AR 29.) Plaintiff argues that her daily activities do not prove she can work on a full-time basis but they do suggest Plaintiff has greater functional ability than she admits. See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

Plaintiff disputes the ALJ's findings regarding Plaintiff's subjective symptom allegations, but again it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record of the record is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857; Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld").

The ALJ properly discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

## II. THE ALJ'S STEP FIVE DETERMINATION THAT PLAINTIFF CAN PERFORM ALTERNATIVE WORK IN THE NATIONAL ECONOMY IS SUPPORTED BY SUBSTANTIAL EVIDENCE

The ALJ found at step four of the sequential process that Plaintiff is unable to perform any past relevant work. (AR 30.) The VE, however, testified that Plaintiff acquired skills from her department manager and customer service clerk jobs that are transferable to light and sedentary exertional levels. (AR 30.) The VE indicated that Plaintiff could perform alternate jobs in the national economy, including information clerk and customer complaint clerk, with her acquired skills from her past relevant occupations. (AR 32.) Consequently, the ALJ found Plaintiff not disabled at step five of the sequential process. (AR 32.)

Plaintiff contends that the ALJ's transferability findings are not supported by substantial evidence. The Court disagrees.

### A. Relevant Federal Law

Social Security Regulation § 404.1568(d) informs the transferability of skills analysis ("TSA"). Section 1568(d)(1) defines transferable skills that can be used in other jobs "when the skilled or semi-skilled work activities you did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work." Transferability "depends largely on the similarity of occupationally significant work activities among different jobs." Id. Section 1568(d)(2) provides that transferability is most probable when:

    (i)    The same or lesser degree of skill is required;

    (ii)    The same or similar tools and machines are used; and

    (iii)    The same or similar raw materials, products, processes or services are involved.

Section 1568(d)(3), however, cautions that complete similarity of these three factors is "not necessary for transferability."

SSR 82-41 (1982 WL 31389) provides further gloss on transferability of skills. SSR 82-41, at *5 provides that transferability is most probable and meaningful among the jobs in which the same or lesser degree of skill is required and that, generally, the greater the degree of acquired skills, the less difficulty an individual will experience in transferring skills to other jobs. SSR 82-41, at *5. SSR 82-41, at *7, moreover, requires the ALJ to make findings of fact and include them in the written decision. More specifically, "when a finding is made that a claimant has transferable skills, the acquired skills must be identified and specific occupations to which the acquired work skills are transferable must be cited . . . in the ALJ's decision." See also Bray v. Comm'r of Soc. Sec. Adm., 554 F.3d 1219, 1223-26 (9th Cir. 2009) (ALJ transferability decision reversed for failing to make the findings required by SSR 82-41); Renner v. Heckler, 786 F.2d 1421, 1423 (9th Cir. 1986) (ALJ transferability decision reversed because no finding on amount of vocational adjustment required).

**B.     Analysis**

The ALJ plainly made the findings required by SSR 82-41 and Section 1568(d). The alternate jobs selected by the VE require the same or lesser skills than Plaintiff acquired from her past relevant work. (AR 31, 32.) The acquired skills, according to the VE, include supervision, management, customer service, cashiering, providing and obtaining information, handling customer complaints, scheduling appointments, answering phones, and reception. (AR 31.) The VE testified that Plaintiff's acquired skills would transfer to the alternate occupations with little if any vocational adjustment in terms of tools, work processes, work settings, or the industry. (AR 32.) No more was required. The ALJ properly relied on the VE's testimony (AR 78-96) for the transferability findings. Bayliss, 427 F.3d at 1218. (VE's recognized expertise provides the necessary foundation for his or her testimony; "no additional foundation is required").

Plaintiff contends that the ALJ erred in not using the codes for Work Fields ("WF") and Materials, Products Subject Matter and Services ("MPSMS") from an internal agency Manual Program Operations Manual System ("POMS") DT 25015.017. Plaintiff's argument fails. The law of this Circuit is clear that POMS, as an internal policy guidance manual, does not impose

judicially enforceable duties. Lockwood v. Comm'r Soc. Sec. Admin., 616 F.3d 1068, 1075 (9th Cir. 2010). Courts in this Circuit, moreover, explicitly have rejected the argument that transferability of skills requires similarity of work fields ("WF") or Materials, Products, Subject matter and Services ("MPSMS"). Garcia v. Astrue, 2012 WL 4091847, at *7 (E.D. Cal. Sept. 17, 2012); Engel v. Colvin, 2015 WL 6453081, at *5 (C.D. Cal. Oct. 23, 2015).

The ALJ's transferability of skills findings are supported by substantial evidence.

\* \* \*

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: November 7, 2019

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE